**[J-49A-2019 and J-49B-2019] [MO: Todd, J.]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**MIDDLE DISTRICT**

| | | |
|---|---|---|
| SAMANTHA SAYLES, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED, | : | No. 58 MAP 2018 |
| | : | |
| | : | Certification of Question of Law from the United States Court of Appeals for the Third Circuit at No. 17-3463. |
| Appellee | : | |
| | : | |
| | : | ARGUED: May 15, 2019 |
| v. | : | |
| | : | |
| | : | |
| ALLSTATE INSURANCE COMPANY, | : | |
| | : | |
| Appellant | : | |
| | | |
| WILLIAM H. SCOTT, | : | No. 59 MAP 2018 |
| | : | |
| Appellee | : | Certification of Question of Law from the United States Court of Appeals for the Third Circuit at No. 17-3769. |
| | : | |
| | : | |
| v. | : | |
| | : | ARGUED: May 15, 2019 |
| | : | |
| TRAVELERS COMMERCIAL INSURANCE COMPANY, | : | |
| | : | |
| Appellant | : | |

**CONCURRING OPINION**

**JUSTICE BAER**                                      **DECIDED: November 20, 2019**

I join the well-reasoned Majority Opinion in full. I write separately to emphasize that, in my view, the circumstances of this case evince what may be an unsettling trend among automobile insurance companies to attempt to circumvent clear statutory language through contrary policy provisions.

Here, the plain language of Subsection 1796(a) of the Motor Vehicle Financial Responsibility Law ("MVFRL"), 75 Pa.C.S. § 1796(a), demonstrates that in passing this statutory provision, the Legislature intended "to set the irreducible requirements all insurers issuing policies of automobile insurance in this Commonwealth must meet in order to compel their insured to submit to an [independent medical examination ("IME")] when the insured does not voluntarily comply with the insurer's request to do so."[1] Majority Opinion at 22. The IME insurance policy provisions at issue in this case clearly allow insurers to circumvent these statutory mandates. Thus, as concluded by the Majority, the IME provisions violate public policy and consequently are void.

We have seen this practice before. Indeed, we recently concluded that an insurance policy's "household vehicle exclusion" conflicted with the clear mandates of Section 1738 of the MVFRL, 75 Pa.C.S. § 1738. *Gallagher v. GEICO Indemnity Company*, 201 A.3d 131 (Pa. 2019). In *Gallagher*, we noted that the MVFRL made it clear that to effectuate a waiver of uninsured or underinsured motorist coverage, an insurer must obtain the insured's signature on a statutorily-prescribed waiver form in order

---

[1] Subsection 1796(a) states, in full, as follows:

**(a) General rule.--**Whenever the mental or physical condition of a person is material to any claim for medical, income loss or catastrophic loss benefits, a court of competent jurisdiction or the administrator of the Catastrophic Loss Trust Fund for catastrophic loss claims may order the person to submit to a mental or physical examination by a physician. The order may only be made upon motion for good cause shown. The order shall give the person to be examined adequate notice of the time and date of the examination and shall state the manner, conditions and scope of the examination and the physician by whom it is to be performed. If a person fails to comply with an order to be examined, the court or the administrator may order that the person be denied benefits until compliance.

75 Pa.C.S. § 1796.

to confer the insured's knowledge of her rights to obtain coverage and her rejection of that coverage.

Gallagher, who was the insured, did not sign a staking waiver form. Nevertheless, GEICO, Gallagher's insurance company, attempted to deny stacking coverage based upon a "household vehicle exclusion" "buried in an amendment" to the insured's policy. *Id.* at 138. As in this case, we found that the insurance company's practice of including policy provisions that conflict with the clear language of the MVFRL renders those provisions invalid and unenforceable. *Id.*

Likewise, in *Generette v. Donegal Mutual Insurance Company*, 957 A.2d 1180 (Pa. 2008), we found that an "Other insurance" clause included in an automobile insurance policy violated public policy as expressed in the MVFRL, requiring excess rather than gap underinsured motorist coverage. *Generette* emphasized that "the language triggering gap insurance is only in the policy, which cannot conflict with the MVFRL." *Id.* at 1191. Accordingly, we found the "Other insurance" language of the policy to violate the express public policy of the MVFRL.

I write now to highlight that, given these multiple cases in which we have encountered insurance companies including policy provisions inconsistent with the Legislature's intent as set forth in the MVFRL, courts of this Commonwealth should be cognizant of this practice. Additionally, I respectfully suggest that the insurance industry should be more circumspect when it is tempted to "adjust" provisions of the MVFRL to its benefit notwithstanding contrary statutory provisions.